**NOT FOR PUBLICATION**                                                           **CLOSED**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| PETER G. REPOLI, JR., | : |
| Plaintiff, | : Civil No. 08-115 (SRC) |
| v. | : **OPINION & ORDER** |
| WILLIAM CUOCO, et al., | : |
| Defendants. | : |

**CHESLER, District Judge**

**THIS MATTER** comes before the Court on the application of Plaintiff Peter Repoli, Jr. to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted an affidavit of poverty and the Court has screened the Complaint to determine whether dismissal is warranted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court has considered Plaintiff's submissions and its Opinion and Order are set forth below.

Plaintiff seeks leave to proceed *in forma pauperis*. In support of his application, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Affidavit (docket # 1-2) and attached a document from the Social Security Administration regarding Supplemental Security Income Plaintiff receives. The Court is satisfied that this filing meets the requirements of 15 U.S.C. § 1915(a)(1) and will grant Plaintiff's request to proceed without prepayment of fees.

Plaintiff's Complaint names five defendants, all of whom he identifies as attorneys

employed by the Office of the Public Defender in Essex County, New Jersey.  (Complaint at ¶¶ 1-5.)  According to Plaintiff, four of the Defendants serve as arraignment counsel at the Central Judicial Processing Court and the fifth is employed as court counsel at the Special Remand Court.  (Complaint at ¶¶ 1-5.)  Plaintiff purports to sue these attorneys in both their official and individual capacities.  (Complaint at page 1.)  Plaintiff claims that the Defendants, acting under color of law, violated his Constitutional rights.  (Complaint at page 1.)  He seeks compensatory and punitive damages, declaratory relief, and asks that Defendants be enjoined "from further unconstitutional and discriminatory behavior" and retaliation.  (Complaint at § 34.)

The Complaint indicates that Plaintiff is a paralegal who serves as the director of a free legal aid and legal services association.  Plaintiff alleges that a woman contacted him seeking assistance in getting her fiance's bail reduced.  (Complaint at § 8.)  The woman allegedly insisted on paying Plaintiff $250 "for his trouble" – an amount Plaintiff apparently accepted because he reportedly advised her it would be held "in trust" for her.  (Complaint at ¶¶ 12-14.)  Despite the fact that he is not an attorney, Plaintiff accompanied the woman to court to "explain the proceedings" to her.  (Complaint at ¶¶ 11, 15, 17, 19.)  At the courthouse, Plaintiff alleges that the Defendants attempted to "poison" the woman's mind against him and advised her to stay away from him because he is a "nobody" who could "do nothing but harm to her" and that he is a "criminal who couldn't be trusted."  (Complaint at ¶¶ 21, 23.)

Plaintiff alleges that Defendants told him, "we don't like you, we don't want you here and you better return what ever [sic] money that girl gave you or you'll see what we'll do." (Complaint at ¶ 24.)  The Complaint states that Plaintiff was physically removed from the court by the Essex County Sheriff's department and was later fingerprinted and photographed.

2

(Complaint at ¶ 33.) Plaintiff seeks $2,000,000 in punitive damages, $2,000,000 in compensatory damages, as well as declaratory relief and an injunction. (Complaint at ¶ 34.) He alleges violations of 42 U.S.C. §§ 1983 and 1988.

Plaintiff's Complaint must be dismissed with prejudice because it is firmly established that public defenders do not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Section 1983 creates liability only for actions taken under color of state law and "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* Although the public defender is employed by the state, that fact is outweighed by reason that a public defender's loyalty is entirely to his client. *Id.* at 321-22.

This analysis is not altered by the fact that Defendants were representing a client who is not a party to this action and were not representing Plaintiff as counsel in the matter giving rise to Plaintiff's claims. Because clients cannot sue counsel representing them as public defenders under § 1983, a paralegal (such as Plaintiff) who is arguably practicing law without a license, clearly has no ability to bring such a § 1983 claim against public defenders for their actions in the course of representing other clients. Accordingly,

**IT IS** on this 16th day of January 2008,

**ORDERED** that Plaintiff may proceed *in forma pauperis*; and it is further

**ORDERED** that the Clerk of the Court is to file the Complaint in the above-captioned action; and it is further

**ORDERED** that the Complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted; and it is finally

**ORDERED** that the Clerk shall serve this Opinion and Order upon Plaintiff by regular U.S. mail and shall close the Court's file for this action.

                                                             s/ Stanley R. Chesler
                                                STANLEY R. CHESLER, U.S.D.J.